IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LUKE CORNFORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-1297-D |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Upon examination of the Complaint, the Court finds insufficient allegations to establish subject matter jurisdiction for an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, as asserted by Plaintiff.[1] The Complaint purports to assert claims against numerous defendants that had some connection to two allegedly fraudulent real estate transactions that occurred in 2007. It contains conclusory allegations of fraud that fail to satisfy the specificity requirements of Fed. R. Civ. P. 9(b) or to give "'fair notice of what the . . . claim is and the grounds upon which it rests,'" as required by Fed. R. Civ. P. 8(a). *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's pleading does not come close to stating an actionable RICO claim against any defendant,

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

or to establish his standing to bring a RICO action.² Further, Plaintiff asserts claims against defendants that enjoy sovereign immunity from suit and makes only vague allegations regarding defendants such as David L. Russell, a district judge of this court who ruled against Plaintiff in prior cases and most recently imposed filing restrictions against him. *See Cornforth v. Fidelity Inv.*, Case No. CIV-16-173-R, Order (W.D. Okla. Feb. 16, 2017), *aff'd*, No. 17-6061, 2017 WL 4924666 (10th Cir. Oct. 31, 2017); *Cornforth v. Goldman*, Case No. CIV-10-1003-R, Order (W.D. Okla. Nov. 29, 2010). Plaintiff is aware of the pleading requirements for a RICO claim because he unsuccessfully attempted to bring such claims in these prior cases. Where, as here, "Plaintiff's complaint totally fails to set forth a RICO claim," a dismissal for lack of jurisdiction is appropriate. *See Davison v. Grant Thornton LLP*, 582 F. App'x 773, 776 (10th Cir. 2014).³

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE to refiling.

IT IS SO ORDERED this 8th day of December, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

² "[S]tanding for private individuals under RICO requires a plaintiff to have 'been injured in his business or property by the conduct constituting the violation.'" *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 496 (1985)). Plaintiff does not sufficiently identify a RICO violation – that is, conduct violating 18 U.S.C. § 1962(a), (b), (c) and/or (d) – to show injury to his business or property as a result of such conduct.

³ Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).